IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRITI MAJALI,<br><br>          Plaintiff,<br><br>     v.<br><br>WALGREEN CO.,<br><br>          Defendant<br>                                                    / | No. C-07-0295 MMC<br><br>**ORDER REMANDING ACTION** |

     Before the Court is defendant Walgreen Co.'s ("Walgreen") response to the Court's January 22, 2007 order to show cause why the above-titled action should not be remanded for lack of subject matter jurisdiction and, in particular, for failure to demonstrate that the amount in controversy in this purported diversity action exceeds $75,000, as required by 28 U.S.C. § 1332(a). See Gaus v. Miles, Inc., 980 F.2d 564, 566 (1992) ("If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.").

     In response, Walgreen submits evidence that plaintiff Priti Majali ("Majali"), at the time of her termination on June 1, 2004, earned $36.45 an hour and worked approximately forty hours per week, (see Rosenberg Decl. ¶¶ 2-3 and Ex. A); Walgreen asserts Majali's potential back pay award alone thus exceeds $75,000. Majali states in her reply, however, that Walgreen's damages calculation "dramatically overstates Plaintiff's lost wages," (see

1 Reply at 2:13-14), because she obtained new employment after her termination. (See
2 Majali Decl. ¶ 2.) In particular, Majali attests, she worked a 24-hour week from September
3 2004 through February 2005, and has worked a full-time 40-hour week from February 2005
4 to the present. (See id. ¶ 2.) She further attests that over such period of time her salary
5 increased from $35 per hour to $48 per hour, with an hourly rate of $47 or higher for the
6 last 18 months. (See id. ¶ 3.) Consequently, Walgreen has not demonstrated plaintiff's
7 potential back pay award exceeds $75,000.

8 Walgreen further argues that "disability discrimination cases have the potential to
9 result in substantial awards, far in excess of the jurisdictional minimum." (See Response to
10 OSC at 3:23-25.) Walgreen cites to a number of cases in which more than $75,000 in
11 damages was awarded, but, as the Court noted in its Order to Show Cause, Walgreen "fails
12 to compare the facts alleged in the instant action to any case in which such damages . . .
13 were awarded, and fails to submit any evidence suggesting that such awards are routine."
14 (See Order to Show Cause at 2:2-4.) Consequently, Walgreen has failed to demonstrate
15 that the amount in controversy in the instant action exceeds $75,000.

16 Accordingly, pursuant to 28 U.S.C. 1447(c), the above-titled action is hereby
17 REMANDED to the Superior Court of California in and for the County of Alameda.

18 The Clerk shall close the file.

19 **IT IS SO ORDERED.**

20 Dated: March 1, 2007

_____
MAXINE M. CHESNEY
United States District Judge